■ In the Matter of ESPERANZA V. STRONG et al., Respondents, v MITCHELL S. CHMIELEWSKI, Appellant, et al., Respondents.—In a proceeding, *inter alia,* to invalidate a petition designating Mitchell S. Chmielewski as a candidate in the Democratic Party primary election to be held on September 9, 1980 for the public office of Representative to the United States Congress from the 12th Congressional District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 20, 1980, which, *inter alia,* granted the application to invalidate the designating petition. Judgment reversed, without costs or disbursements, and matter remanded to Special Term for further proceedings consistent herewith. Following examination of the appellant's designating petition by a Referee certain signatures thereon were invalidated as forgeries. Though appellant made timely request to be apprised of the identity of such signatories, he was not given this information. As a result, he was unable to challenge the Referee's findings or present evidence in this respect on his own behalf. So deprived, appellant was denied the basic element and minimal standard of due process. Accordingly, on remand, appellant should be apprised of the identity of those whose signatures were found to be forged and given the opportunity to prove that their signatures are valid. Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.

■ In the Matter of CLAIRE M. WING et al., Respondents, v IRWIN ZUCKER, Appellant, et al., Respondents.—In a proceeding to invalidate petitions designating Irwin Zucker as a candidate in the Democratic Party primary election to be held on September 9, 1980 for the public office of Member of the State Senate from the 20th Senatorial District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 18, 1980 which, *inter alia,* granted the application. Appeal dismissed, without costs or disbursements. The appeal was abandoned. No papers were submitted to this court and no one appeared for the appellant. Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.